UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WALTER E. BEAVER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02784-SEB-MJD |
| | ) |
| UNITED STATES POSTAL SERVICE, et al. | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss. [Dkt. 15.] On February 8, 2021, District Judge Sarah Evans Barker designated the undersigned Magistrate Judge to issue a report and recommendation regarding the disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 18.] For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion be **GRANTED IN PART** and **DENIED IN PART** as set forth below.

**I. Plaintiff's Allegations**

Plaintiff alleges the following facts in his Complaint. [Dkt. 1.] Plaintiff was employed by Defendant United States Postal Service ("USPS") in the Human Resources Department. Defendant Pamela Parrish was Plaintiff's immediate supervisor; Defendant Jeffrey Leffler managed the Human Resources Department.

On December 13, 2018, Plaintiff had a doctor's visit, during which he "exhibited certain medical symptoms for which his physician recommended two weeks off from work." *Id.* at 2. Plaintiff returned to the office to make arrangements to take leave under the Family and Medical Leave Act ("FMLA"). Leffler became upset and asked Plaintiff for details about his medical condition, to which Plaintiff responded that he would provide those details to the appropriate office within the USPS.

When Plaintiff returned to work after his leave, Leffler and Parrish reprimanded him for taking FMLA leave, "accus[ing Plaintiff] of 'dumping' his work on them, which meant Leffler had to deny time off for other employees during the holidays." *Id.* at 3. Soon after his return to work, Leffler and/or Parrish took various actions against Plaintiff in retaliation for his leave.

Based on these allegations, Plaintiff asserts claims for violation of the FMLA and interference with a contractual relationship.

## II. Discussion

In the instant motion, Defendants move to dismiss Plaintiff's contract interference claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and to dismiss Plaintiff's FMLA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Magistrate Judge will examine each issue, in turn, below.

### A. *Plaintiff's Contract Interference Claims*

Although Plaintiff named Leffler and Parrish as Defendants with regard to his contract interference claims, the United States substituted itself for Leffler and Parrish pursuant to 28 U.S.C. § 2679(d)(1) because the allegations against them relate to actions taken by Leffler and

2

Parrish in the course of their employment.[1]  *See* [Dkt. 14].  The United States correctly argues—and Plaintiff wisely concedes—that the United States is entitled to sovereign immunity with regard to Plaintiff's state law contract interference claim.  While the Federal Tort Claims Act ("FTCA") "constitutes a limited waiver of the United States' sovereign immunity, which allows individuals to pursue actions against the federal government for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,'" *Watkins v. United States*, 854 F.3d 947, 948 (7th Cir. 2017) (quoting 28 U.S.C. § 2675(a)), that waiver does not extend to "[a]ny claim arising out of . . . interference with contract rights."  28 U.S.C. § 2680(h).  Therefore, the Magistrate Judge recommends that Defendants' motion to dismiss Plaintiff's contract interference claim for lack of subject matter jurisdiction be **GRANTED**.[2]

---

[1] The Complaint does not specify whether Plaintiff intended to sue Leffler and Parrish in their individual capacities, their official capacities, or both.  With regard to Plaintiff's contract interference claims, the distinction is irrelevant.  The United States has been substituted as the defendant with regard to any individual capacity claims, and any official capacity claim is also a claim against the United States.  *See, e.g.*, *Harnishfeger v. United States*, 943 F.3d 1105, 1112 (7th Cir. 2019) (noting that the United States is "the real target of official-capacity claims against federal actors") (citing *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991)).

[2] The Magistrate Judge recognizes that the Seventh Circuit has "clearly held that the question of sovereign immunity is not a jurisdictional one."  *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016) (citing *Smoke Shop, LLC v. United States*, 761 F.3d 779, 782, n.1 (7th Cir. 2014); *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008), *Parrott v. United States*, 536 F.3d 629, 634-35 (7th Cir. 2008)); *see also Bush v. United States*, 939 F.3d 839, 844 (7th Cir. 2019) ("[W]e have held that sovereign immunity does not affect subject-matter jurisdiction.") (citing *United States v. Cook County*, 167 F.3d 381 (7th Cir. 1999)).  However, a very recent United States Supreme Court opinion expressly states otherwise.  *See Brownback v. King*, 141 S. Ct. 740, 749 (2021) (Because "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional . . . a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim.").

### B. *Plaintiff's FMLA Claims*

Defendants argue that Plaintiff's FMLA claims must be dismissed because they are insufficiently pled.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).[3]

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

Defendants argue that Plaintiff's complaint must be dismissed because it fails to allege facts relating to two elements of his FMLA claim. First, in order to succeed on his FMLA claim, Plaintiff will have to prove that he was an "eligible employee" at the relevant time. The statute defines "eligible employee" as an employee who has been employed for at least twelve months and for at least 1,250 hours of service during the previous twelve-month period. 29 U.S.C. §

---

[3] The Magistrate Judge is troubled by the fact that Defendants cite to *Twombly*, 550 U.S. at 546, for the proposition that "[d]ismissal is therefore appropriate under Rule 12(b)(6) where it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" [Dkt. 16 at 2-3.] In fact, *Twombly* **rejected** that standard, stating that it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Indeed, if that were the proper standard, Defendants' arguments about the adequacy of Plaintiff's complaint in this case would be wholly frivolous, as they all hinge not on the absence of imaginable facts, but rather on the failure to plead certain facts. Also troublesome is Plaintiff's citation to pre-Twombly cases that apply the now-rejected "any set of facts" standard.

2611(2)(A). Defendants argue that the fact that Plaintiff does not allege that he satisfied these two requirements, but rather alleges only that he was an "eligible employee" under the FMLA, is fatal to his claim. Also fatal, Defendants argue, is Plaintiff's failure to allege facts that back up his assertion that he satisfied the FMLA's requirement that an employee be suffering from a "serious health condition" in order to be entitled to FMLA leave.[4]

Although Defendants cite to cases from other districts that support their arguments, the Magistrate Judge finds that those cases run afoul of Seventh Circuit precedent that rejects the idea that a plaintiff must plead facts that correspond to every element of his claim.

> Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory. See Fed. R. Civ. P. 8. Old code-pleading and fact-pleading systems were abandoned. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Because complaints need not identify the applicable law, see *Johnson v. Shelby*, ––– U.S. –––, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014); *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.

*Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Rather,

> [i]t is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order. So both the Supreme Court and this court have held when rejecting contentions that Rule 8 as understood in *Twombly* requires fact pleading. See *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010).; see also, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (Rule 8 does not call for the pleading of all facts required to prevail). *Twombly* cited *Swierkiewicz* with approval, see 550 U.S. at 555-56, 563,

---

[4] The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves" either "inpatient care in a hospital, hospice, or residential medical care facility" or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

> 569-70, 127 S.Ct. 1955.  So did *Johnson*, 135 S.Ct. at 347, and *Skinner*, 562 U.S. at 530, 131 S.Ct. 1289.

*Chapman*, 875 F.3d at 848.  Defendants are asking the Court to do precisely what the Seventh Circuit said would have required reversal in *Chapman*: "dismiss[] the complaint for failure to plead facts matching 'elements' . . . ."  Accordingly, the Magistrate Judge recommends that Defendants' motion to dismiss Plaintiff's FMLA claim for failure to state a claim be **DENIED**.[5]

That said, Defendants argue that to the extent Plaintiff asserts FMLA claims against Defendants Leffler and Parrish in their official capacities, those claims should be dismissed because they are duplicative of Plaintiff's FMLA claim against the United States.  Plaintiff does not dispute that fact in his response brief.  Accordingly, the Magistrate Judge recommends that Defendants' motion to dismiss be **GRANTED** as to any official capacity claims against Defendants Leffler and Parrish.

### III.  Conclusion

For the reasons set forth above, the Magistrate Judge recommends that Defendants' motion to dismiss, [Dkt. 15], be **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Magistrate Judge recommends that Plaintiff's contract interference claims be **DISMISSED** for lack of subject matter jurisdiction and that Plaintiff's official capacity claims against Defendants Leffler and Parrish be **DISMISSED** as duplicative of his claims against the United States.  The Magistrate Judge further recommends that Defendants' motion to dismiss be **DENIED** as to Plaintiff's FMLA claims against the United States and against Defendants Leffler and Parrish in their individual capacities.

---

[5] The Magistrate Judge expresses no opinion as to Plaintiff's equitable estoppel arguments, as it is not necessary to address those arguments in order to resolve the instant motion.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 22 MAR 2021

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.